Hawkins, J.,
delivered the opinion of the Court.
The plaintiff sued out a warrant against the defendants from before a Justice of the Peace of Knox County, on the 22d day of November, 1858, and on the 10th day of November, 1859, placed the same in the hands of a Constable for said County, for service. This warrant was executed on one of the defendants on the 24th, and on the other, on the 26th of November, 1859. The cause was tried before a Justice - of the Peace, from whose judgment the plaintiff appealed to the Circuit Court of Knox County; at the June Term, 1861, of *46 which, the parties appeared, and waiving a trial by jury, submitted the cause to the Circuit Judge.
The suit was brought on a note, executed by defendant’s intestate, and made payable to the plaintiff, for. eighty dollars, dated on the 13th of June, 1856, and due one day after date. On the trial before the Court, plaintiff read the note, and it was agreed that the defendants were qualified as administrators of J. W. Fox, deceased, at the August Term, 1857, of the County Court for Knox County. The Court gave judgment against the plaintiff, to reverse which, he has brought the cause into this Court.
It is insisted, on the part of the defendants: 1st, that the failure on the part of the plaintiff to place the process in the hands of an officer until the 10th of November, 1859, amounted to an abandonment and discontinuance of the suit. 2d, That if the placing the warrant in the hands of an officer for service, may be regarded as a re-commencement of the suit, more than two years had elapsed prior thereto since their qualification, and therefore, the suit was barred by the Statute of limitations.
Upon the part of the plaintiff, it is insisted: 1st, That the suing out the warrant was “the commencement of an action,” within the meaning of section 2754 of the Code; and that placing the same in the hands of an officer for service within one year from the date of its issuance, was a re-commencement of the suit, within the meaning of that section; and therefore, there was no discontinuance or abandonment of the suit. 2d, That under section 2760 of the Code, the defendants are not protected against suits, until the expiration of two- years and six *47 months after their qualification, during the whole of which time resident creditors may sue.
We think the provisions of section 2754 of the Code, were intended to apply only to suits brought in Courts of record, having regular terms, the times and places for holding which are designated by law, and to which process issuing therefrom is made returnable; and do not apply to suits brought and pending before Justices of the Peace. By section 4127 of the Code, every Justice of the Peace is admonished that he should appoint some one day in every month, for the trial of all matters cognizable before him; but by section 4128, he is authorized to try. any cause that may be brought before him, at any time and at any place within his County, unless expressly prohibited by some positive provision of the Code. A Justice’s Court has no terms, in the sense in which the words are used in section 2754. Warrants issued by Justices of the Peace do not ordinarily provide when, where, or before whom they shall be returned; neither is there any law requiring that they shall be returned within any specified time, on or before any given day, at any particular place, or before any particular Justice of the Peace. The determination of these, questions is generally left to the discretion of the officer executing the process.
The question, therefore, as to what degree of ladies. upon the part of the plaintiff, who has brought his suit before a Justice of the Peace, will amount to an abandonment or dismissal of such suit, not having been regulated by legislative enactment, and, so far as we are advised, never having been adjudicated, must now be determined by analogy, and motives of public policy, *48 founded upon the immutable principles of public justice. In such cases, we are constrained to the opinion, the plaintiff must use reasonable diligence in the prosecution of his suit, or it will be holden that he has abandoned and discontinued the same. As to what will or will not amount to such diligence, must, as in all other en-quiries of a similar character, depend upon the circumstances surrounding the case; and in our opinion, in the case now before the Court, the plaintiff, without any explanation, having failed to take any steps to prosecute his suit, so far as we are advised by the record, from the time of the issuance of the warrant- on the 22d of November, 1858,' up to the time he placed the same in the hands of a Constable, on the 10th- day of November, 1859, has not used such diligence as is required; and that it would have been the duty of the Circuit Judge, upon the motion of- defendant, to have discontinued the-cause for that reason.
We think this rule is not only in accordance with the liberal principles by which our practice is regulated, but is also demanded by public policy; and to hold otherwise, would be to throw wide open a door through which untold evils would eventually flow. But the defendants, having appeared, failed to make any such motion, and proceeded to a trial of the cause upon its merits; and having done so, have they not thereby waived their right to have the cause discontinued? We think they have,
The apparent laches may be explained, and the presumption arising thereon rebutted by extraneous evidence; and unless the defendant specially invokes the action and judgment of the Court, it will bo holden the objection is *49 waived. This Court has holdeu that a motion is the proper form of proceeding to present the question of discontinuance: 1 Head, 379; 7 Hum., 66. As to the questions of the Statute of Limitations, sec. 2784 of the Code provides, that actions against personal representatives, by residents, shall be commenced within two years after the qualification of such representative. Section 2279 provides that resident creditors shall, within two years from the qualification of the executor or administrator, exhibit their accounts, debts and ■ claims, and make demand and bring suit for the recovery thereof, or be forever barred in law and equity.
Section 2274 provides that executors and administrators shall have six months, from the date of their qualification, to ascertain the situation of the deceased estate, without being liable to suit and costs; and all suits commenced within that period, except suits brought by sureties, may be abated and dismissed at the plaintiff’s cost.
Section 2760 declares that the six months within which a personal representative • is exempt from suit, is not to be taken as a part of the time limited for commencing actions which lie against such representative. These sections, though seemingly conflicting, must be construed together as parts of the same Act; and in such cases, the rule is, to give them such construction as will give force, and effect to each, if it can be done, and carry out the object and intention of the Legislature. Guided by this rule, we think there will be but little difficulty in harmonizing and giving such effect to these several sections.
Sections 2784 and 2279, limit, the time for commencing actions, by residents against personal representatives *50 to two years after the qualification of such personal representatives; and section 2274 exempts them from liability to suit and costs for six months after qualification; and section 2760 expressly declares that the six months ■within which such representative is exempt, is not to be taken as part of the time limited for commencing actions against him. The provisions of sections 2784, 2279, and 2274, are substantially the provisions of the Acts of 1789, chapter 29, section 4; 1829, chapter 57; and of 1831, chapter 23, sections 1, 2; under which this Court, in the case of G-reenway vs. Hunter. Meigs, 73, held the Acts of 1829 and of 1831, did not extend the time within which the representative must be sued, under the Act of 1789; and they were construed as though the provisions of the Acts of 182,9 and 1831 had been interpolated upon the Act of 1789, making that Act to say, “no suit shall be brought against a personal representative within six months after his qualification; and all claims not prosecuted within eighteen months after, shall be forever barred ; Atkinson vs. Brooks, 10 Yer., 484. The Act of 1789, containing substantially the provisions of sections 2279 and 2784 of the Code, was passed to protect the property and estate of the deceased from all claims not demanded and sued for within two years after there was a representative subject to be sued, and a creditor capable of suing: 3 Yen., 319; 9 Yer., 435. We have no doubt of the correctness of those opinions, as the law then stood, and refer to them now for the purpose of showing the difficulties surrounding this perplexing question, under the provisions of the Acts referred to, and prior to the adoption of the Code, and as authority for the rules of construction to be adopted now, and the conclusion to which *51 these rules will lead. It has already been shown that, under section 2279, the representative is not subject to be sued until the expiration of six months after his qualification; and by section 2760, the time of such exemption shall not be taken as part of the time limited, within which suits must be brought. To give any effect whatever to the latter, sections 2279 and 2784 must be construed to mean to limit the commencing of actions by residents against such representatives, to two years — not after their appointment, but after they are subject to be sued.
We are, therefore, clearly of the opinion a creditor is not barred from bringing a suit for the recovery of his debt or demand against a personal representative, until the expiration of two years and six months after the appointment of such personal representative. To hold otherwise, we would be compelled to declaro the provisions of section 2760 of the Code, of no effect whatever. The reason of the judgment of the Circuit Court does not appear; but the plaintiff having read the note in evidence, we think, in this state of the case, he was entitled to a judgment; and that the judgment is erroneous, and must be reversed, and the cause remanded for a new trial.